### KAHOLO, W., vs. JOAQUIN DUTRO.

#### ON QUESTIONS RESERVED.

A MARRIED MAN adopted an infant on the 21st of May, 1871, orally, and supplied the infant with food and clothing and bestowed care upon it, and died on the 27th of August, 1873;

HELD, that the contract being with him alone, it was dissolved on his death, and his widow could not recover from the infant's father for necessaries furnished the infant during the above period, the infant having been taken back by its parents.

Opinion of the Court by JUDD, J.

This case comes before the Court upon questions of law reserved by the Justice, who presided at the trial, as follows:

"First—Whether the plaintiff, as the widow of John Perrit, with whom the contract was made by the defendant giving the infant child away, can recover for the food and clothing supplied to, and for care bestowed upon said infant, from the 21st day of May, 1871, the date of said giving away, to the 27th day of August, 1873, the date of the death of said John Perrit."

"Second—Whether the plaintiff can recover for a period extending beyond six years from the time of commencing this action, the defendant not having plead the Statute of Limitation, the declaration showing the date when the right of action accrued."

Kaholo, w., v. Joaquin Dutro.

Upon the first point, we are of the opinion that the plaintiff cannot recover for the period indicated. The infant was given to plaintiff's husband. He had a right to take it into his family in order that it might share with his own children such food and clothing as he could afford and his wife's care and service as foster mother. His death dissolved all obligations to the child or to his father.

The verbal "contract of adoption," so-called, having been terminated by the death of the adopting parent, there was no breach from which the law would presume a promise by the defendant to reimburse even the administrator of his estate for the supplies furnished and services rendered. Much less can the widow recover, for this is not a contract made with the wife and where her service and skill are the subject matter of the action, which would survive to her, for, as we have seen, it was her husband's contract, not hers.

The Court having reached this opinion, it is not necessary to consider the second question reserved, for the period embraced between the birth of the infant and the death of the adopting parent more than covers the period which is claimed to be barred by the Statute of Limitation.

The verdict of the jury may stand for the sum of $365, for the period since the death of John Perrit, upon the new contract made with the plaintiff.

J. M. Davidson for plaintiff.

E. Preston for defendant.

Honolulu, October 31, 1878.